IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**UNITED STATES OF AMERICA,**

Plaintiff,

v.  Criminal Action No. 5:18-CR-2
(BAILEY)

**MARIUS S. BROWN,**

Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on August 20, 2018 [Doc. 51]. In that filing, the magistrate judge recommends that this Court deny defendant's Motion to Suppress Statements [Doc. 35] and defendant's Motion to Suppress Search [Doc. 36].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of filing of this same, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Objections to the R&R were timely filed on September 3, 2018 [Doc. 60]. Accordingly, this Court will conduct a *de novo* review of those portions to which objections were made; the remaining portions will be reviewed for clear error.

## BACKGROUND

On October 21, 2017, police received a call about a domestic incident involving the breaking of a window of a car. Wheeling Police Department Officers Agostino and McKenzie arrived on the scene and found the woman who made the initial phone call, Miana McGaha, sitting in her vehicle with a broken out rear passenger window. A man, identified as defendant Marius Brown, was outside yelling at the woman as the officers arrived.

McGaha told officers that defendant struck her in the back of her head as she tried to leave his residence and the defendant had broken the car window with a firearm. She told officers that defendant had taken the firearm into the residence before they arrived on the scene. Officers ordered defendant to show his hands. Upon his show of hands, the officers observed that defendant's hand was bleeding profusely. Defendant was taken into custody based on the accusations of domestic violence.

Officer McKenzie took defendant to the hospital, while Officer Agostino went to a magistrate to obtain a search warrant to search defendant's residence for the firearm in question. The officer presented an affidavit with the details of the incident and the claims by McGaha. Subsequently, the magistrate issued the search warrant. Upon execution of

the search warrant, the officers found a gun, ammunition, and drugs in defendant's residence.

On October 22, 2017, defendant was charged with violating West Virginia Code § 61-7-7(b)(2), which prohibits possession of a firearm by a person who has been "convicted in this state or any other jurisdiction of a felony controlled substance offense involving a Schedule I controlled substance other than marijuana, a Schedule II or a Schedule III controlled substance." W.Va. Code § 61-7-7. In early November, Wheeling Police contacted ATF Agent Heather Kozik about a possible firearm violation. Wheeling Police provided reports of their investigation, the criminal complaint, and copies of photographs of Brown. Agent Kozik then began her own investigation and confirmed that the defendant was a convicted felon who was prohibited from owning or possessing a firearm.

On November 21, 2017, Agent Kozik applied for a search warrant to allow for a DNA sample/buccal swab. The search warrant was issued. On November 24, 2017, Agent Kozik and another ATF agent went to the Northern Regional Jail where defendant was incarcerated. While there, defendant made incriminating statements about owning and possessing the firearm.

On January 23, 2018, defendant was indicted federally for unlawful possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 27, 2018, the state charges were dismissed on the State's motion because the defendant was being prosecuted by the Federal Government.

Defendant filed motions to suppress both the search of his residence and his statements to the ATF agents [Docs. 35, 36]. On August 13, 2018, United States

Magistrate Judge Seibert held an evidentiary hearing on the Motion to Suppress Statements [Doc. 35] and Motion to Suppress Search [Doc. 36]. Magistrate Judge Seibert then filed his R&R on August 20, 2018, recommending this Court to deny both motions. Defendant then timely filed his objections to the R&R on September 4, 2018 [Doc. 60].

## DISCUSSION

The defendant objects to the R&R's conclusion and recommendation. He argues that his Fourth, Fifth, and Sixth Amendment rights have been violated. Specifically, he argues that the search of his residence was based on a deficient affidavit, and his statements to the ATF agents at the Northern Regional Jail were taken without counsel present and violated his Fifth and Sixth Amendment rights.

**I. Motion to Suppress Search**

The defendant argues that the affidavit for the search warrant was deficient and lacked probable cause because it was based on Officer Agostino's statement detailing McGaha's statements and not based on sworn testimony of McGaha or anyone who personally observed the firearm [Doc. 60, p. 3]. Defendant also lists another set of errors with the search warrant that "were or should have been apparent to the officers executing the search" [*Id.*]. These purported errors are: (1) there are two versions of the warrant, one with a county magistrate stamp and one without; (2) the date on the search warrant with the stamp is incorrect, and there is no time indicated; (3) McGaha's credibility was not assessed by the magistrate and Officer Agostino offered no credibility assessment in the affidavit; (4) there is no recording or transcript of Officer Agostino's statements to the magistrate; and (5) the defendant was initially arrested for domestic violence but then

4

charged with wanton endangerment in order to "make it easier to secure a search warrant" [*Id.*]. Defendant also attempts to bolster his argument that the affidavit is deficient through a letter sent to this Court [Doc. 58], claiming that his "aunt works for and is very dear friends with U.S. Magistrate Oliver Solomon[1] and he informed her that indeed there are several deficiencies in the search warrant."

Probable cause does not have a rigid definition, but the Supreme Court has said probable cause exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214 (1983). To establish probable cause, "the facts presented to the magistrate need only 'warrant a man of reasonable caution' to believe that evidence of a crime will be found." *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)).

The R&R concludes that there was ample information in the affidavit that supports the magistrate's finding of probable cause that a search of the defendant's residence would produce evidence of a crime. The affidavit details, among other things: (1) the officers responded to the 911 call by McGaha; (2) when officers arrived, defendant was yelling at McGaha; (3) that McGaha told officers defendant used a gun to break the window of her car; (4) that McGaha told the officers the defendant had taken the firearm into the residence; (5) that McGaha told officers defendant had struck her in the back of her head; and (6) the officer's observation that defendant was bleeding profusely. [Doc. 47-4, p. 5].

---

[1] This Court has found no United States Magistrate Judges by the name Oliver Solomon. However, there is a Judge Solomon Oliver, Jr., who is a United States District Court Judge for the Northern District of Ohio.

5

As the magistrate judge correctly concluded, all of this clearly amounts to probable cause or "that there is a fair probability that contraband or evidence of a crime will be found in a particular place."

Defendant's arguments that the affidavit is deficient—because McGaha's credibility was never assessed formally, Officer Agostino's statements to the magistrate were not recorded, and that he was initially charged with domestic violence but charged with wanton endangerment—do not persuade this Court. McGaha was a victim with firsthand knowledge of the situation because she was the one being screamed at when the police showed up and she was the one sitting in her car with the window busted out. Additionally, there is no requirement for statements to the magistrate in requesting a warrant be transcribed or recorded. Finally, just because a person is arrested for one thing does not preclude law enforcement from investigating other crimes or deciding to charge a different offense. In short, a woman called for help saying a man broke her window out of her car with a gun, struck her in the back of the head, and took the gun inside. There was probable cause that the gun would be found in the residence.

The R&R then goes through a *Leon* analysis and the defendant mentions *Leon* in his objections as well. The R&R concludes that even if this Court found that no probable cause existed for the magistrate to issue the search warrant, that the search would still be valid under the *Leon* good faith exception. The defendant objects to this finding without offering much support. In *Leon*, the Supreme Court held that if a police offer executing a search warrant issued by a judicial officer acted in good faith, the evidence obtained by the search is admissible even if the warrant is found to be deficient after the fact. *See **United***

States v. Leon, 468 U.S. 897, 922–23 (1984). *Leon* identified four circumstances that an officer relying on a warrant will not be covered by the *Leon* good faith exception: (1) "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the magistrate wholly abandons his judicial role as a neutral and detached party; (3) the affidavit is so lacking in probable cause that reliance on it is entirely unreasonable; or (4) the warrant is so facially deficient that the officer executing the search cannot reasonably presume it to be valid. *Id.* at 923.

The defendant does not offer much evidence to counter the R&R's conclusion that the facts do not satisfy one of the exceptions under *Leon*. There is no evidence provided that the officer misled the magistrate or that the magistrate was not neutral and detached. As discussed above, the affidavit was not lacking in probable cause and it was not unreasonable to rely on it. Finally, the defendant argues that there was no stamp on one of the versions of the warrant and that the stamped warrant had the wrong date. These type of clerical errors are not "so facially deficient" that a officer could not reasonably presume the warrant to be valid.

For the foregoing reasons, this Court adopts the R&R's recommendation that this Court deny the motion to suppress the search of the defendant's residence.

## II. Motion to Suppress Statements

The defendant objects to the R&R's recommendation that his motion to suppress statements be denied. Defendant argues that his statements to the ATF agents while at the Northern Regional Jail were taken in violation of his Fifth Amendment right against self-

incrimination and his Sixth Amendment right to counsel.

### A. Fifth Amendment

When a subject is interrogated while in custody, a *Miranda* warning is required. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). To determine whether an individual waived his or her *Miranda* rights, the Fourth Circuit has announced two elements that must be satisfied: (1) the waiver "must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception"; and (2) "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Cristobal*, 293 F.3d 134, 140 (4th Cir. 2002) (internal quotations and citations omitted). The burden is on the Government to show that by a preponderance of the evidence, that the defendant knowingly and voluntarily waived his *Miranda* rights. *United States v. Robinson*, 404 F.3d 850, 860 (4th Cir. 2005).

Defendant signed a waiver acknowledging that he had read the statement of *Miranda* rights or it had been read to him and that he understands the *Miranda* rights [Doc. 47-7]. Defendant does not contest that he signed this waiver, but states that he thought he was signing a form for the DNA swabbing and that he asked for counsel. The agents testified that the rights were read to him and that he voluntarily waived them. Defendant testified that he signed the waiver after making statements and that he did not understand what he was signing. As Magistrate Judge Seibert stated in his R&R, "the signed waiver speaks for itself" and that is enough for the Government to satisfy its burden by a preponderance of the evidence that the defendant voluntarily, knowingly, and

intelligently waived his *Miranda* rights before speaking with the ATF agents. [Doc. 51, p. 6]

## B. Sixth Amendment

The Sixth Amendment provides that for all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right "does not attach until after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431(1986). The right is also "offense specific," and "cannot be invoked once for all future prosecutions." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). "Even though an accused has a Sixth Amendment right to counsel for one offense—because formal charges have been brought—the right does not automatically attach to other offenses with which he has not been charged." *United States v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006) (citing *Texas v. Cobb*, 532 U.S. 162, 168 (2001)).

The Fourth Circuit has established that federal offenses and state offenses are not the same offense under a Sixth Amendment analysis. The Court, in *Alvarado*, held "[s]ince they arise from separate sovereigns, state and federal offenses are not the same for purposes of the Sixth Amendment right to counsel." *Alvarado*, 440 F.3d at 196.

Defendant argues that his Sixth Amendment was right to counsel was violated because he had been charged with state crimes and had an attorney. He further argues that it is "wholly unjust to allow federal law enforcement—at the explicit request of state law enforcement—to investigate and ultimately interview" a defendant who had counsel for pending state charges. [Doc. 60, p. 9]. However, Fourth Circuit precedent is very clear that state offenses and federal offenses are not the same offense under the Sixth Amendment. It is undisputed that at the time of the federal ATF agents' interview with defendant, that

9

defendant had not been formally charged with any federal offense. Therefore, his Sixth Amendment right to counsel for the federal offense had not yet attached, and there was no violation of defendant's Sixth Amendment right.

## **CONCLUSION**

After careful consideration of the record and the motions, it is the opinion of this Court that the Report and Recommendation **[Doc. 51]** should be, and is, hereby **ORDERED ADOPTED**. The Objections **[Doc. 60]** are **OVERRULED**. As such, the Motion to Suppress Statements **[Doc. 35]** and Motion to Suppress Search **[Doc. 36]** are both hereby **DENIED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** September 17, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE